Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7471 | **DATE** | 6/10/2002 |
| **CASE TITLE** | DUPAGE HABITAT FOR HUMANITY, INC. vs. VILLAGE OF GLENDALE HEIGHTS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Glendale Heights' bill of costs is granted in part and denied in part. Glendale Heights is awarded a total of $902.26 in costs.
(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 12 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DUPAGE HABITAT FOR HUMANITY, INC., an Illinois not-for-profit corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 98 C 7471 |
| VILLAGE OF GLENDALE HEIGHTS, an Illinois municipal corporation; et al., ) ) ) | Judge John W. Darrah |
| Defendant. ) ) | |

DOCKETED JUN 1 2 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, DuPage Habitat for Humanity, Inc., sued Defendant, the Village of Glendale Heights ("Glendale Heights"), for an alleged violation of equal protection pursuant to 42 U.S.C. § 1983. Following a bench trial, judgment was entered for Defendant. Defendant has filed a Bill of Costs. Plaintiff did not file a response in opposition to Defendant's Bill of Costs.

Glendale Heights seeks a total of $2,653.60 in costs pursuant to Federal Rule of Civil Procedure 54(d).

"Costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-

1

appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

Glendale Heights seeks fees for obtaining deposition transcripts.

The costs of transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary". *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript, $4.00 per page for each expedited copy, $0.75 per page for the first copy of a transcript, and $0.50 per page for each additional copy to the same party.

Glendale Heights seeks $212.42 for the deposition transcript of J. Martin Olsen, including delivery, and $195.59 for the deposition transcript of Steven Lenet, including delivery. The invoice indicates a charge of $2.25 per page. This rate is below the established rate by the Judicial Conference and is awarded.

Glendale Heights seeks $835.55 for deposition transcript costs of Tracy Cross, including: $689.30 for the original copy, $25.00 for the ACII diskette, $106.25 for the appearance fee, and $15.00 for shipping and handling. The number of pages transcribed, the costs per page for transcription, and the time spent and hourly rate for the appearance are not indicated on the

invoice. Therefore, the reasonableness of these charges cannot be determined and are denied.

Glendale Heights also seeks $897.75 for the trial transcripts. The invoice indicates one original copy of 189 pages at the expedited cost of $4.00 per page, totaling $756.00. An additional copy is also charged at the rate of $0.75 per page. The invoice also notes that "cost split between counsel". The invoice does not indicate, nor does Glendale Heights' Bill of Costs indicate, why the transcripts were required on an expedited basis. Therefore, Glendale Heights is awarded $3.00 per page for the original transcript and $0.50 per page for the additional copy. Furthermore, this total must be divided by two because the invoice indicates the cost was to be split by the parties. Accordingly, Glendale Heights is awarded a total of $330.75 for the trial transcript (189 copies X $3.00 + 189 copies X $0.50 = $661.50; $661.50/2 = $330.75).

Glendale Heights seeks a total of $40 in witness fees for one witness's one-day attendance. A witness is paid an attendance fee of $40 per day. 28 U.S.C. § 1821(b). Accordingly, $40 is awarded in attendance fees.

Glendale Heights also seeks $20 in docketing fees pursuant to 28 U.S.C. § 1923. This cost is reasonable and is awarded.

Last, Glendale Heights seeks $103.50 for copies of filings for the court and the Plaintiff at the rate of 0.10 per page. Glendale Heights identifies each of the documents that were copied. The documents copied were necessarily obtained for use in this matter, and the rate of $0.10 is reasonable. Accordingly, Glendale Heights is awarded $103.50 in copying costs.

For the reasons stated above, Glendale Heights' Bill of Costs is granted in part and

3

denied in part. Glendale Heights is awarded a total of $902.26 in costs.

Dated: June 10, 2002

JOHN W. DARRAH
United States District Judge